45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Victoria MATHENY, Defendant-Appellant.
 No. 94-3724.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: KEITH, JONES, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Victoria Matheny, entered a plea of guilty to a charge of conspiring to defraud through the use of an unauthorized access device. 18 U.S.C. Sec. 1029. She now appeals the sentence imposed. Three issues are raised: (1) what is the proper share of the fraud proceeds for which she should be held accountable; (2) should there have been a two-level enhancement for more than minimal planning; and (3) did the court err in failing to treat her as a "minimal" participant.
 
 
 2
 After reviewing the record, we conclude that no sentencing errors were committed, and we affirm.
 
 I.
 
 3
 The scheme to defraud was simple, yet effective. Matheny was employed by Franklinton Financial Services and had access to credit history reports. She would randomly pull names from the computer of individuals who had high credit ceilings and low balances. Matheny would then give this information to her co-conspirator, Russell Miller. Miller, posing as the credit card holder, would first report a change of address and then later report a lost credit card. The new credit card would be sent to the address furnished by Miller, and he would then proceed to buy merchandise and secure cash advances using the card.[1] Miller ran up charges in the amount of $84,960.65 in this manner. Defendant Matheny was given approximately $20,000 in cash and merchandise from these illegally obtained proceeds. Miller was eventually caught and implicated Matheny.
 
 II.
 
 4
 The sentencing guidelines provide in section 2F1.1(b)(1)(G) that if a fraud loss, as was involved here, is more than $70,000 but less than $120,000, the base offense level should be increased by six levels. In the presentence report, the probation officer recommended this six-level increase, notwithstanding that defendant's plea agreement had indicated the government would agree to $20,000 as the amount involved. The district court agreed with the probation officer, and so do we.
 
 
 5
 By picking out persons with high credit limits and low balances, maximum mileage could be obtained from each fraudulently obtained credit card. Thus, the defendant knew, based upon the number of names she furnished, that the potential illegal gain could be a significant sum. The fact that she only profited to the extent of $20,000 is of little moment. Matheny could not have expected that Miller would not keep a substantial amount of the proceeds for himself given all the additional actions that had to be taken by Miller to turn the scheme into cash or merchandise.
 
 
 6
 When a fraud of this nature is perpetrated pursuant to joint criminal activity, all reasonable, foreseeable acts are properly chargeable to each member of the conspiracy. U.S.S.G. Sec. 1B1.3(a)(1)(B). Section 2F1.1(b)(2) of the sentencing guidelines mandates that a two-level enhancement be given if the offense involved more than minimal planning. In recommending the two-level enhancement for more than minimal planning, the presentence report stated:
 
 
 7
 This conclusion is based on the fact that this case involved repeated acts over a period of time. The defendant's and Russell Miller's actions to defraud BancOhio occurred from May 25, 1991 through September, 1991. Furthermore, each instant was not purely opportune. Specifically, the defendant's and Mr. Miller's actions were premeditated in that Mr. Miller specifically requested Ms. Matheny to provide him with confidential personal and account information on cardholders who had high credit limits and low monthly balances in order to make large credit purchases. The defendant also qualifies for more than minimal planning because of the significant steps which were taken to carry out the offense. Specifically, once the defendant obtained the credit information, Miller utilized his ability to produce fraudulent Ohio drivers license[s] which he used as identification in order to receive cash advance checks from race tracks and gambling establishments to further defraud BancOhio. Further, the offense involved repeated acts over a period of time.
 
 
 8
 (App. 20.)
 
 
 9
 We would add to the foregoing that this scheme was carried out in several different states to make the investigation more difficult, and involved the commission of another crime (the theft of the camera) to facilitate the use of the fraudulently obtained credit cards. The planning cannot be properly evaluated by looking at what defendant did in isolation. Her contribution was part and parcel of the entire scheme, each part of which was interdependent.
 
 III.
 
 10
 At sentencing, defendant sought a four-point reduction contending she was a minimal participant. In rejecting this contention, the trial judge stated:
 
 
 11
 I believe that the correct analysis on this issue is not necessarily the amount of time spent participating in the criminal activity, as compared between the two individuals involved, but rather how essential was each defendant's contribution to the commission of the crime. On that point, Miss Matheny was key to the entire criminal plan, because without the information that she provided, the crime could not have occurred.
 
 
 12
 And, therefore, I do not believe that she was a minimal participant. I do accept that she was a minor participant. And that is comparing involvement of the two defendants. So I would accept the recommendation of the probation officer: A two-level reduction is appropriate, but a four-level is not.
 
 
 13
 (App. 52-53.)
 
 
 14
 We agree with Judge Beckwith. Matheny's contribution was the sine qua non of the entire scheme. The fact that the "insider" in a scheme such as this one has less total visibility in no way measures the importance of the contribution. In allowing a two-point reduction for being a minor participant, the court gave defendant as much consideration as was justified.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Miller also had stolen a State of Ohio, Bureau of Motor Vehicles, driver's license camera and was able to produce counterfeit driver's licenses bearing his picture but the name of the credit card holder whose account was being charged